UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO: 1:06-CV-00171-R

EVELYN FINLEY                                                                                    PLAINTIFF

v.

LAKE CUMBERLAND COMMUNITY
ACTION AGENCY, INC.                                                                       DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon the Defedant's Motion for Summary Judgment (Docket #12). The Plaintiff responded (Docket #19) and the Defendant replied (Docket #21). This matter is ripe for adjudication. For the following reasons, the Plaintiff's claim under the ADEA is **DISMISSED**. The Defendant's Motion for Summary Judgment as to the Plaintiff's ADA claim is **GRANTED**. The Plaintiff's claim under the Kentucky Wage and Hour Act is **REMANDED** to state court.

## BACKGROUND

The Plaintiff, Evelyn Finley, was employed by the Defendant, Lake Cumberland Community Action Agency, Inc., in various positions over twenty-four years, pursuant to a series of one-year contract. The contracts for all of the Defendant's employees were one-year contracts. The Defendant is a nonprofit entity which administers funds and operations of various programs, including the Cumberland County Head Start Center where the Plaintiff had been employed. The Plaintiff was terminated from her employment on December 31, 2005.

For the period of July 1, 2005, to June 30, 2006, the Plaintiff was employed as a Center Assistant/Bus Driver of the Head Start facility located in Burkesville, Cumberland County, Kentucky. The duties of the position included obtaining and maintaining a commercial driver's

license (CDL), assisting in planning monthly field trips, accompanying the class and documenting these trips, driving the Head Start bus and monitoring as necessary to transport children and parents to the Center on special trips, being able to properly control the passengers on the bus at all times, having and maintaining a good driving record, being in good physical and mental condition, and the ability to drive a bus properly and safely at all times.  The job descriptions for all of the employment positions in the program included bus driving and monitoring.  All staff members were required to either drive or ride the bus as needed.

In February of 2000, the Plaintiff requested, and was granted, an accommodation in her employment as she was no longer eligible for a CDL because she did not pass the physical component of the exam.  Her job position and duties remained those of a center assistant/bus driver, with the accommodation made that she would not be required to drive a bus, and instead only monitor on the bus.

In 2005, the Plaintiff presented documentation from her physician, Dr. Robert Flowers, stating that she was unable to ride or drive the school bus due to health problems.  Driving or riding the bus consumed a significant portion of the Head Start employees' day.  As a result, beginning December 1, 2005, the Plaintiff's hours of employment were reduced from eight hours per day to five hours per day, and her status was changed to that of a regular part-time employee.  However, the Defendant reinstated the Plaintiff's hours and benefits for the remainder of the contract year but continued to honor the Plaintiff's inability to drive or ride the bus.  There was no other employee at the center that did not either drive a bus or monitor a bus.

In 2006, the Plaintiff was examined by Dr. Stephanie Jones, on behalf of the Defendant, in light of the issues concerning the Plaintiff's physical abilities to perform her job duties.  Dr.

Jones noted that, based on her examination:

> It is my opinion, due to her history of syncope as well as hypoglycemia and day time somnolence that she should not be left alone for long periods of time with young children. I do feel that she is capable of working in a classroom as long as there is adult back-up.

On May 23, 2006, the Defendant's governing body, the Policy Council, decided not to renew the Plaintiff's employment contract for another year. It was the Defendant's practice to review employment contracts each May, and it was the Policy Council's duty to determine whether to renew particular contracts. On May 23, 2006, the Policy Council was comprised of approximately twenty-one members from ten different counties, including persons from the community and parents of Head Start students.

According to the affidavits of members of the Policy Council, the council voted not to renew Ms. Finley's contract in light of her health problems. The council did not feel the Plaintiff could perform her job duties as set out in her job description or safely supervise children in light of her stated problems, and believed there was a possibility that at times the Plaintiff may have been left alone with children, which the doctor recommended against. Further, the council was informed that because of financial limitations, the Center could not afford to hire additional personnel or create additional employment positions in order to cover the duties the Plaintiff could no longer perform. The Defendant did not hire anyone to replace the Plaintiff due to the budget reduction.

On October 30, 2006, the Plaintiff filed her complaint against the Defendant, alleging that the Defendant violated (1) the Americans with Disabilities Act, 42 U.S.C § 12102 *et seq*; (2) the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*; and (3) the Kentucky Wage and Hour Act, KRS 337.010 *et seq.*

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

In her complaint, the Plaintiff alleges violations of (1) the Americans with Disabilities Act, 42 U.S.C § 12102 *et seq*; (2) the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*; and (3) the Kentucky Wage and Hour Act, KRS 337.010 *et seq.*

4

**1. Age Discrimination in Employment Act**

As a preliminary matter, the Plaintiff has agreed to voluntarily dismiss her claim under the Age Discrimination in Employment Act (ADEA). Therefore, the Plaintiff's ADEA claim is **DISMISSED.**

**2. Americans With Disabilities Act**

The Americans with Disabilities Act (ADA) provides, in relevant part, that "[n]o [employer] shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA requires employers to provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship." § 12112(b)(5)(A).

A prima facie case of disability discrimination requires the plaintiff to prove that: "(1) he is an individual with a disability; (2) he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodations; and (3) he was discharged solely by reason of his handicap." *Williams v. London Utility Comm'n*, 375 F.3d 424, 428 (6th Cir. 2004) (citing *Cotter v. Ajilon Servs.*, 287 F.3d 593, 598 (6th Cir.2002)). "If the plaintiff prove a prima facie case, then the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the termination. Then, the burden shifts back to the plaintiff to prove that the stated reasons are pretext." *Id.*

Under the ADA, "disability" is defined as "a physical or mental impairment that

5

substantially limits one or more of the major life activities of [an] individual." § 12102(2)(a). The United States Supreme Court has held that the term 'major life activities' "refers to those activities that are of central importance to daily life." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 197 (2002). "Merely having an impairment does not make one disabled for purposes of the ADA." *Id*. at 195. Further, the Court said, such "terms need to be interpreted strictly to create a demanding standard for qualifying as disabled." *Id*. at 197. Individuals attempting to prove disability status cannot "merely submit evidence of a medical diagnosis of an impairment. Instead, the ADA requires those 'claiming the Act's protection . . . to prove a disability by offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial.'" *Id.* at 198 (quoting *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 567 (1999)).

      The evidence clearly indicates that the Plaintiff cannot meet the first prong of the prima facie test of disability discrimination- that she is a person with a disability as defined by the ADA. *See Williams*, 375 F.3d at 428. There is evidence that the Plaintiff suffers from diabetes and sleep apnea, and in the past suffered from black-out spells and diarrhea allegedly caused by riding the bus. The only medical documentation presented to the Court is the 2005 note from Dr. Flowers and the 2006 assessment of Dr. Jones. There are no medical records.

      There is no evidence that these health problems keep the Plaintiff from performing major life activities. By all accounts she is able to walk, see, hear, feed herself, shower, and perform the manual tasks of every day life. It also appears that she is able to drive her personal vehicle. The only activities the Plaintiff has presented evidence that she cannot perform are driving a bus or riding on a bus. There is no evidence that the Plaintiff's health problems substantially limit

her major life activities. § 12102(2)(a); *Toyota Motor*, 534 U.S. at 197.

The evidence, then, indicates that the Plaintiff is not disabled within the meaning of the ADA; therefore, summary judgment on her claim for a violation of 42 U.S.C. §12112(a) is appropriate.

### 3. Kentucky Wage and Hour Act

In Count III of the complaint, the Plaintiff alleges the Defendant violated the Kentucky Wage and Hour Act, KRS 337.010 *et seq*, because she "was instructed to under report the hours that she worked thereby creating records that did not correctly reflect the hours that she worked, which were in excess of eight hours per day." The Plaintiff clarified this claim in her response to the Defendant's Motion for Summary Judgment, stating "the Plaintiff is claiming she was entitled to be paid time and one-half for her work in excess of forty (40) hours, pursuant to KRS. 337.285." KRS 337.285(1) provides

> (1) No employer shall employ any of his employees for a work week longer than forty (40) hours, unless such employee receives compensation for his employment in excess of forty (40) hours in a work week at a rate of not less than one and one-half (1-1/2) times the hourly wage rate at which he is employed.

In her deposition, the Plaintiff stated that on days where she worked more than eight hours, she was instructed by a supervisor to only record eight hours on her time sheet. She was instructed to take time off from work in order to make up the difference and not exceed the forty hour week. However, the Plaintiff stated that she believed there were weeks where she was under-compensated for the number of hours she actually worked. The Plaintiff has presented no evidence beyond these assertions to support her claim.

However, as the Court has dismissed the Plaintiff's ADEA claim, and has determined that the Defendant is entitled to summary judgment on the Plaintiff's ADA claim, the Court

declines to exercise jurisdiction over the Plaintiff's remaining state law claim, and it must be **REMANDED** to the appropriate state court.  28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Plaintiff's claim under the Age Discrimination in Employment Act is **DISMISSED**.  The Defendant's Motion for Summary Judgment as to the Plaintiff's Americans with Disabilities Act claim is **GRANTED**.  The Plaintiff's claim under the Kentucky Wage and Hour Act is **REMANDED**.

An appropriate order shall issue.